IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:24-CR-00289-M-14

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANKLIN BEASLEY,<br><br>Defendant. | ORDER |

This matter comes before the court on Defendant William Franklin Beasley's ("Defendant" or "Beasley") Motion to Sever his charges from this multi-defendant action [DE 277]. Beasley contends that his joinder in the Indictment is improper under Rule 8 of the Federal Rules of Criminal Procedure and, alternatively, that his continued joinder in this action is unduly prejudicial. The United States opposes the motion, arguing that the charges against Beasley involve the same enterprise and similar evidence as the charges against his co-Defendants. *See* DE 279. The court heard this matter on February 6, 2025, and permitted the parties to file supplemental briefing. For the following reasons, Beasley's motion is granted in part and denied in part.

**I. Background**

On October 3, 2024, the United States filed the indictment in this case, in which a grand jury charges Beasley, an alleged member of the Hells Angels Motorcycle Club ("HAMC"), and certain other purported members with attempted murder (Count Six) and assault with a dangerous weapon (Count Seven) "for the purpose of gaining entrance to and maintaining and increasing position in the HAMC, an Enterprise engaged in racketeering activity," in violation of 18 U.S.C.

§§ 1959(a) and 2. DE 5. The conduct described in these counts occurred on or about July 22, 2023. *Id.* Relevant here, the indictment also charges other HAMC members with murder, attempted murder, assault with dangerous weapons, and brandishing weapons on a different date, January 1, 2023 (Counts One through Three), but for the same purpose. *Id.* Finally, the indictment charges a different HAMC member with witness tampering on July 26, 2024 (Count Eight). *Id.*

On October 15, 2024, Magistrate Judge Numbers granted the United States' motion for Beasley's detention and, after Beasley's request for review of that decision, this court affirmed Judge Numbers' order. DE 149, 165, 242. However, on December 6, 2024, this court granted the United States' motion for extension of pretrial deadlines another sixty days and, in light of information learned during the detention review hearing, informed Beasley that it would entertain a motion to reopen the issue of detention. DE 272. Beasley filed his motion, to which the United States objected, and, on January 9, 2025, the court granted Beasley's motion and released him on strict conditions. DE 286. Beasley filed the present motion at the same time he filed the motion to reopen; the United States has filed a response in opposition and Beasley has filed a reply brief. Also, following the hearing, the parties filed supplemental briefs arguing their respective positions. DE 298, 300. The court is now fully apprised.

## II. Analysis

Beasley contends that severance is appropriate for three reasons: (1) he is the only Defendant to have asserted his rights under the Speedy Trial Act and further delay from being joined in this multi-Defendant action is prejudicial; (2) Counts One, Two, Three, and Eight are improperly joined with the counts against him in this action; and (3) he will suffer prejudice if he proceeds to trial with the same Defendants charged in Counts One, Two, Three, and Eight.

2

The United States counters that joinder of all counts in the indictment is proper because the same evidence is necessary to prove at least one element in each charge. Specifically, the government argues that "[e]vidence of the murder alleged in Counts One through Three is intrinsic to Counts Six and Seven insofar as the Government must prove that the HAMC Enterprise existed and was engaged in racketeering activity." Resp. at 7, DE 279; *see also id.* at 8 ("the government will be required to introduce evidence about the enterprise, its purposes, and its method and means, which is relevant to all defendants."). At the hearing, the United States clarified that the HAMC Enterprise includes not only members of the Hells Angels, but also members of a "support gang"— the Red Devils—of which Beasley became a member months before the conduct alleged in Counts One through Three. The government also argues that a "green light order" serves as the "common plan or scheme" that unifies all Defendants charged in the Indictment. Finally, the United States asserts that Beasley fails to demonstrate the possibility of "actual" prejudice if the counts are all tried together.

Beasley replies that the United States' statements made to this court regarding the complexity of the case provide him good reason to believe there will be significant delay in proceeding to trial. He also contends that he should not be tried with others who committed completely different crimes and that mere membership in an enterprise, such as a gang, is insufficient to demonstrate proper joinder. Finally, Beasley argues that due to the "highly inflammatory" nature of the charges against his co-Defendants, a jury may find the evidence against them support the charges against him in the form of "spillover prejudice."

Relevant here, several counts of the indictment, including Counts One, Four, Five, Six, and Seven, charge crimes under the Violent Crimes in Aid of Racketeering Act, 18 U.S.C. § 1959 *et seq.* ("VICAR"). Section 1959 punishes violent crimes, including murder, attempted murder, and

3

assault with a dangerous weapon, that are committed "for the purpose of . . . maintaining or increasing position in an enterprise engaged in racketeering activity." An "enterprise" includes "any partnership, corporation, association, or other legal entity . . . which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1959(b)(2). To establish a VICAR charge under § 1959, the government must prove:

1. an enterprise engaged in racketeering activity;
2. the enterprise's activities affected interstate commerce;
3. the defendant committed [a violent crime]; and
4. the defendant, in committing [the violent crime], acted in response to payment or a promise of payment by the enterprise or "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise."

18 U.S.C. § 1959(a)(1). In this case, Count One charges murder in violation of VICAR and Count Two charges brandishing a firearm during the VICAR crime, both with respect to an incident that occurred on January 1, 2023.[1] *See* Indictment, DE 5. Counts Four, Five, Six, and Seven charge attempted murder and assault with a dangerous weapon in violation of VICAR regarding incidents that occurred on July 22, 2023. *Id.* Count Eight charges witness tampering against one co-Defendant from conduct that occurred on July 26, 2024. *Id.* Beasley, who is charged with other co-Defendants in Counts Six and Seven, challenges joinder and requests severance from these co-Defendants and from others charged in Counts One through Three and Eight.

### A.     Joinder under Rule 8(b)

Rule 8(b) of the Federal Rules of Criminal Procedure permits two or more defendants to be joined for purposes of an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.

---

[1] Count Three charges accessory after the fact against co-Defendants who allegedly knew about the VICAR offenses related to the January 1, 2023 incident.

4

R. Crim. P. 8(b). Separate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme. *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987) (citing *United States v. Guerrero*, 756 F.2d 1342, 1345 (9th Cir. 1984)). "There must be a series of acts unified by some substantial identity of facts or participants." *Id.* (citing *United States v. Dennis*, 645 F.2d 517, 520 (5th Cir. 1981), *overruled on other grounds, United States v. Lane*, 474 U.S. 438 (1986)).

### 1. Counts One through Three

The court finds joinder of the charges against Beasley in Counts Six and Seven with Counts One through Three in the indictment proper under Rule 8(b). Although the conduct charged in Counts One, Two, and Three occurred on a different date by different co-Defendants, all are alleged to have occurred in furtherance of the goals of a continuing enterprise, i.e., the HAMC. *See Porter*, 821 F.2d at 972 ("Because the indictment charged Porter with engaging in a continuing enterprise based on a series of crimes, including those involving the other appellants, joinder was proper under Rule 8(b)."); *see also United States v. Williams*, No. 4:09CR81, 2010 WL 4702351, at *2 (E.D. Va. Oct. 28, 2010) ("it is plain to the court that illegal activities performed by members of street gangs in furtherance of such gang have a logical relationship to each other and . . . form a series of [alleged] acts or transactions sufficient to warrant joinder of charges and defendants under Rule 8") (internal quotation marks and citations omitted).

Beasley argues that mere membership in a gang is insufficient to support joinder and that, unlike other cases in which courts have based findings of joinder on the existence of conspiracy charges, the indictment in this case does not charge conspiracy against any Defendant. However, "[c]ourts have routinely held that a defendant may be joined in an Indictment even if he is only alleged to have committed predicate racketeering acts and is not alleged to have conspired with

5

other co-defendants, as long as the defendant's crime is logically related to the enterprise." *United States v. York*, No. 116CR00069LJOSKO11, 2017 WL 4237112, at *5 (E.D. Cal. Sept. 22, 2017) (collecting cases). Here, like the charges in Counts Six and Seven against Beasley, the Indictment alleges that the murder charges in Count One were committed "for the purpose of gaining entrance to and maintaining and increasing position in HAMC, an Enterprise engaged in racketeering activity." The United States argues that the same evidence will be used to prove this necessary element in each of Counts One, Six, and Seven.

It is widely known that HAMC is a "1%" organization, which means its members are expected to thwart the law and engage in activities typically criminal in nature. In this case, the government alleges that the HAMC's goal was its "a standing 'green light' order under which members and associates of the HAMC are required to attack, injure, and kill any [Pagans Motorcycle Club ("PMC")] members they encounter." Indictment, ¶ 14. Government counsel clarified at the hearing that evidence will be introduced at trial demonstrating that another gang, the Red Devils, of which Beasley was a member since 2022, actively supported the HAMC and was expected to abide by the same green light order to attack PMC members.

The crimes charged in the challenged counts all allegedly relate to this goal,[2] as the conduct charged involved violent attacks by and between members of the HAMC and the PMC. Although Count One relates to an attack that occurred on January 1, 2023, and Counts Six and Seven relate to an attack on July 22, 2023, each by different co-Defendants, all Defendants are alleged HAMC members who engaged in the conduct pursuant or related to the alleged "green light" and both

---

[2] Beasley asserts in his supplemental brief that the United States raises this "new" argument for the first time in its supplemental response (DE 300 at 2-3); however, not only does the allegation appear in the operative Indictment (¶ 14, DE 5), but also the United States argued in its written response to the present motion that the green light order constitutes the "common plan or scheme" in furtherance of the HAMC enterprise (DE 279 at 2-9).

attacks involved physical violence, weapons discharged, and fatalities. Accordingly, the court finds Beasley is properly joined with the other Defendants under Rule 8(b), because all of the acts charged in Counts One through Seven are "related acts of the enterprise that further the purposes of the" HAMC. *See United States v. Gensemer*, No. 207CR00145KJDPAL, 2008 WL 11337649, at *3 (D. Nev. Oct. 9, 2008); *see also United States v. Garcia*, 74 F.4th 1073, 1109–10 (10th Cir.), *cert. denied sub nom. Troup v. United States*, 144 S. Ct. 400, 217 L. Ed. 2d 216 (2023), and *cert. denied sub nom. Gallegos v. United States*, 144 S. Ct. 608, 217 L. Ed. 2d 324 (2024) (joinder was proper where "the Government alleged that the conduct underlying each count was committed in furtherance of the goals of [the prison gang,] SNM or an individual's continued association with SNM"); *York*, 2017 WL 4237112, at *6 ("Because the crimes alleged against Bailey are part of the racketeering activity that the Government intends to prove in Count 1, the separate counts related to that racketeering activity are part of the same 'series of transactions' as the VICAR offense alleged in Count 1."); *United States v. Moran*, No. 11-CR-6083CJS, 2013 WL 6408124, at *3 (W.D.N.Y. Nov. 26, 2013), *report and recommendation adopted*, No. 11-CR-6083, 2015 WL 641825 (W.D.N.Y. Feb. 13, 2015) ("The narcotics counts are properly joined with the VICAR counts because the narcotics offenses constitute the racketeering activity engaged in by the enterprise sought to be promoted by the alleged assault.").

Further, the fact that the Defendants charged in Counts One, Two, and Three are not the same Defendants charged in Counts Six and Seven does not render the counts improperly joined. "Rule 8(b) specifically provides that 'all of the defendants need not be charged in each count' and this language has generally been construed to permit joinder in cases where individual defendants are charged with some but not all counts of the indictment." *Moran*, 2013 WL 6408124, at *4 (quoting *United States v. Weisman*, 624 F.2d 1118, 1128 (2d Cir.), *cert. denied*, 449 U.S. 871

7

(1980), *abrogation on other grounds recognized by Ianniello v. United States*, 10 F.3d 59 (2d Cir. 1993)). The overarching commonality of the Defendants' conduct in Counts One through Seven is that Defendants acted in furtherance of the HAMC president's green light order to attack members of a rival gang.

Beasley's reliance on *United States v. Palacios*, 949 F. Supp. 198, 199 (S.D.N.Y. 1996) is not persuasive. First, the case is not binding and is nearly thirty years old without having been cited in support of any other decision. Second, the decision runs contrary to the majority of cases finding that joinder is proper where defendants have participated in the same act or transaction, or series of acts or transactions, such as in furtherance of the specific purpose(s) of a gang or group. *See supra*. Third, and most importantly, the factual circumstances are distinct. Beasley is correct that *Palacios* involved charges of murder and attempted murder by members of the same gang; however, unlike here, the court concluded that "[t]he only identity of facts or participants is that the victim of the crimes charged against the moving defendants was allegedly present during the commission of the crimes charged against the Palacios." *Id.* at 200; *see also United States v. Chinchic*, 655 F.2d 547 (4th Cir. 1981) (two robberies committed by only a few of the same defendants insufficient for joinder). In this case, the United States alleges that the conduct underlying all counts was committed in furtherance of the same green light order from HAMC's leader.

Taking the United States' allegations as true for purposes of the present motion,[3] the court concludes that joinder of the Defendants in Counts One through Seven, including Beasley, is

---

[3] *See United States v. Martinez*, 994 F.3d 1, 12 (1st Cir. 2021) ("We evaluate misjoinder from the face of the indictment rather than from the evidence introduced at trial."); *United States v. Cousins*, 841 F. App'x 885, 893 (6th Cir. 2021) ("We examine only "the allegations on the face of the indictment," not the proofs at trial, to determine whether Rule 8 permits joinder."); *United States v. Jonas*, 824 F. App'x 224, 230 (5th Cir. 2020) ("For the purposes of Rule 8, whether joinder is proper normally depends on the allegations in the indictment, which are taken as true."); *United*

8

proper under Rule 8(b). *See United States v. Barbeito*, No. CRIM.A.2:09CR00222, 2010 WL 2369907, at *4 (S.D.W. Va. June 4, 2010) ("Defendants' alleged violent actions were tied to their membership in the PMC enterprise and furthered the PMC's purported purpose of protecting its territory and interests through acts of violence. The acts charged in these counts were therefore part of the same common scheme or plan as the RICO counts, which is sufficient to find that they were part of the same series of acts or transactions under Rule 8(b)"); *see also United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003) (holding that Rule 8 permits "very broad joinder at the pleading stage") (internal ellipses omitted) (quoting 1A Charles Alan Wright, Federal Practice and Procedure § 141 (3d ed. 1999)).

### 2. Count Eight

Beasley also challenges joinder of Count Eight, in which the United States alleges that a purported HAMC member, Jonathan Michael Robarge, allegedly harassed a witness in an attempt to dissuade the witness from assisting a criminal prosecution. Indictment ¶ 36, DE 5. This court heard some of the evidence against Robarge at his detention appeal hearing on November 12, 2024. DE 273. Notably, the government, neither in the briefing on the present motion nor at the hearing, mentioned how the witness tampering charge against Robarge relates to the HAMC's purposes, and more specifically, to the green light order. The court finds the United States has failed to demonstrate that Robarge "participated in the same act or transaction, or in the same series of acts or transactions" as necessary to demonstrate proper joinder under Rule 8(b). Count Eight will be severed and tried separately from all other counts in this case.

---

*States v. Martinez*, 675 F. App'x 963, 968 (11th Cir. 2017) ("The trial court determines prior to trial whether joinder of offenses is proper under Fed. R. Crim. Pro. 8(b) based on an examination of the allegations stated on the face of the indictment.").

9

## B. Severance under Rule 14

Even when defendants are properly joined in one indictment, "Rule 14 of the Federal Rules of Criminal Procedure provides that a court may grant a severance from a prejudicial joinder." *United States v. LaRouche*, 896 F.2d 815, 830 (4th Cir. 1990); *see also Cataneo v. United States*, 167 F.2d 820, 823 (4th Cir. 1948) (explaining that "the question of severance . . . is vested under Rule 14 in the sound discretion of the trial judge"); Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants . . . appears to prejudice a defendant . . ., the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.") (emphasis added). "A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). "Indeed, the express language of Rule 14 . . . shows that Congress tolerates some Rule 8 joinders even when there is prejudice." *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986); *see also Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Rule 14 does not require severance even if prejudice is shown").

Beasley has not made a strong showing of prejudice in this case. First, he contends that an anticipated prolonged delay and his assertion of rights under the Speedy Trial Act support a showing of prejudice. Notably, Beasley emphasizes in his motion the "prejudice" resulting from his pretrial detention, poor health, and lack of medical care; however, due primarily to his health issues, Beasley was released on conditions, including the ability to obtain needed medical treatment, on January 9, 2025. DE 286. Otherwise, the court has found good cause for the delay in scheduling this case and finds here that such delay[4] does not support a "strong showing" of prejudice.

---

[4] The court is mindful of Beasley's prompt assertions of his speedy trial rights and, to the extent appropriate, will entertain any future argument(s) based on this concern.

Second, Beasley contends that a jury's consideration of his attempted murder and assault charges with other Defendants' "highly inflammatory" murder charges "creates a serious threat of unfair prejudice," in that "the jury might feel the evidence against the one supported the charge against the other." Memo., DE 278 at 12. In essence, Beasley argues that if evidence related to one violent crime is admitted in his trial for acts involving another violent crime, such admission would result in prejudice sufficient to warrant severance. However, even in trials involving allegations of one crime, "evidence of other crimes is admissible for certain [] purposes because its probative value is [in those circumstances] thought to outweigh its prejudicial effect." *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976); *see also* Fed. R. Evid. 404(b)(2) (evidence of other crimes, wrongs, or acts may be admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). The court is not convinced at this stage that Beasley is in danger of "spillover prejudice" from joinder of Counts Six and Seven with Counts One, Two, and Three.

In consideration of the foregoing principles, Beasley has not made a strong showing of prejudice,[5] particularly under the circumstances presented here. Even if he had, "less drastic measures, such as limiting instructions" would be sufficient "to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980) (noting that "prejudice . . . can be generally obviated by a cautionary or limiting instruction"); *LaRouche*, 896 F.2d at 831 ("curative instructions given to the jury by the district court go a long way in eliminating any prejudice resulting from the spillover effects of joinder"). Rule 14 expressly

---

[5] At the hearing, Beasley cited *United States v. Byrd*, 466 F. Supp. 2d 550, 552-53 (S.D.N.Y. 2006), where, unlike in this case, the defendant was detained without bail; was not, like some of his co-defendants, eligible for the death penalty; and the government estimated that the trial of the death-penalty-eligible co-defendants would be delayed for many months and, possibly, a year. The court finds *Byrd* distinguishable from this case.

11

contemplates measures less drastic than severance. *See* Fed. R. Crim. P. 14(a) (detailing that court, when faced with appearance of prejudice, may "provide any other relief that justice requires"). The United States suggests that limiting instructions would be appropriate in this case. Resp., DE 279 at 10. The court agrees and finds that, in the absence of a more particularized showing of prejudice,[6] these instructions would obviate any risk of prejudice. Beasley fails to demonstrate that severance based on prejudice is warranted in this case.

### III. Conclusion

The applicable case law and rules of criminal procedure demonstrate that joinder of defendants and charges is a common preferred method of proceeding. *See United States v. Hayden*, 85 F.3d 153, 160 (4th Cir. 1996) ("the federal system prefers joint trials because they promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'") (quoting *Zafiro*, 506 U.S. at 537); *see also United States v. Oloyede*, 933 F.3d 302, 312 (4th Cir. 2019) ("there is 'a preference in the federal system for joint trials of defendants who are indicted together'") (quoting *Zafiro, supra*). Beasley is correct that Count Eight is misjoined and should be severed, but he has failed to convince the court that joinder of Counts One through Three with Counts Six and Seven is improper or would result in the type of prejudice necessary to outweigh the efficiencies of joining the Defendants and these counts in this case.

---

[6] In some respects, Beasley's assertion of prejudice is premature, given that no trial date has been set and no other co-Defendant has yet expressed his desire to proceed to trial at this time.

12

Accordingly, Defendant's motion to sever [DE 277] is GRANTED IN PART AND DENIED IN PART. Count Eight is severed and shall be tried separately from all other counts.

SO ORDERED this 25th day of February, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE